————o————

JOB S. HEARNE, AND JOSEPH W. NICHOLS, Defendants in Error, *vs.* ELEAZOR B. KEATH, AND WM. B. KEATH, Plaintiffs in Error.

1. *Practice, civil—Testimony, when subject to review in the Supreme Court.*— Where there is a conflict in the evidence, or any reason for a substantial doubt, the Supreme Court will not attempt to weigh the evidence. But where there is an absolute and total failure of evidence, or it is all on one side, the rule is otherwise.

2. *Surety—Agreement of to give note in payment of that of the principal—Suit against principal—Liability of principal—Terms not executed before—Relation, doctrine of.*—Although the surety and the holder of a note have concluded an agreement by which the former is to take up the old note and give his own in payment, and he afterward sues the principal for the amount of the note, yet if at the institution of the suit anything remains to be done to carry the

agreement into effect, as by payment of accrued interest, actual exchange of notes, etc., the plaintiff cannot recover. And the rule is not altered, although the new note bears date prior to the commencement of the suit, and the terms of the agreement are subsequently carried out. The doctrine of relation cannot be invoked in such case. The principal does not become a debtor of the surety till the latter has paid the note or done what is equivalent thereto. And in the case supposed, till the complete execution of the terms of the agreement, the paper will not be considered as paid.

3. *Surety, amount of recovery by.*— A surety can only recover what he has paid to extinguish a debt.

4. *Attachment—Suit by on note not due—Surety cannot maintain save on payment of note.*—The provision of the Missouri statute authorizing suit by attachment on demands not yet due, in certain instances, plainly contemplates that to warrant the proceeding there must be an actual subsisting debt between the parties which will become due by the efflux of time, and not a possible and contingent one, and that provision will not authorize suit by attachment on the part of the surety on a note against his principal, till the surety has paid the note or done what is equivalent thereto.

## Error to Chariton Common Pleas.

*J. H. Kinley*, for Plaintiffs in Error.

I. No right of action ever enures to a surety against his principal until the security debt is paid. (Powell vs. Smith, 8 Johns. 192 ; Wetherby vs. Mann, 11 Johns. 518 ; Arnold vs. Camp, 12 Johns. 409 ; Sheehy vs. Mandeville, 6 Cr. 264 ; Elmwood vs. Dudendorf, 4 Barb. § 398 ; Anslie vs. Wilson, 7 Cow. 662 ; Randall vs. Rich, 11 Mass. 498 ; see also Walker vs. McKay, 2 Met. [Ky.] 294 ; Lee vs. Griffin, 31 Miss. 632 ; Berthold Adm'r &c., vs. Berthold, 46 Mo. 557.)

II. The fact of an attachment being sued out in aid of the main suit will not help respondents. While an attachment will lie for a debt not yet due, yet there must be an actual subsisting debt, which will become due by the efflux of time. (Drake on Attach. 2 Ed. § 24 ; Benson vs. Campbell, 5 Porter, 455 ; Taylor vs. Drane, 13 La. 62 ; Herrod vs. Burgess, 5 Robinson (La.) 449 ; Blanchard vs. Groussatt, 1 La. Ann. 96 ; Read vs. Ware, 2 La. Ann. 498 ; Moore vs. Dickerson, 44 Ala. 485 ; Dennison vs. Soper, 33 Iowa, 183 ; Glass vs. Bullen, 6 Barb. 346.)

III. The probable payment by a surety of the debt for his principal is not such a demand as the statute contemplates when it

says " an attachment may issue on a demand not yet due," but a debt that was then owing *in presenti et solvendum in futuro.* (Kritzer vs. Smith, 21 Mo. 296–300.)

*C. Hammond,* for Defendants in Error.

Actual payment by the sureties was not necessary to support their action, if they were otherwise damaged. Their right of action was complete when they assumed payment of the Bull note. Nothing remained undone at date of suit except the receipt of the note already signed by Bull.

The most that can be said is that the demand was not due. But our attachment law provides for suit in such cases. (See Kritzer vs. Smith, 21 Mo. 296.)

Defendant's objection that it does not appear that Bull had received the new note before the filing of suit is purely technical. It does not appear from the record that the summons was served before Aug. 1st. Till then defendants were not bound. The filing of the petition cannot in this case be taken as the commencement of the suit.

In Dennison vs. Sloper (33 Iowa, 183,) there was no pretense of any effort by the surety to pay the debt before suit; in fact he was seeking to avoid payment. The original debt was not due and did not become due for several months after suit by the surety vs. principal. Whitney vs. Bird, (11 Iowa, 407) was a suit by the payee in a note commenced before the note was due, but not by attachment.

Payments by sureties are highly favored by law, and have been liberally dealt with by the courts. (Freenold vs. The State Bank, 44 Mo. 336.) In this case the defendants in error have been compelled to pay as sureties for plaintiff in error, a large sum of money. And the principals set up a mere technicality without any claim or pretense of a meritorious defense.

WAGNER, Judge, delivered the opinion of the court.

From the record in this case, it appears that the defendants, Keath & Keath, made their promissory note to L. & C. H. Bull

of Quincy, Ills., for the sum of fifteen hundred dollars. This note was due and payable on the first day of July, 1873, and was signed by plaintiffs Hearne & Nichols as sureties. Defendants were in failing circumstances and were also about to remove from the State, and it was evident that the plaintiffs as sureties would have the debt to pay. They accordingly inquired through a third person of L. & C. H. Bull, if they could get further time on the note and prevent a suit being brought thereon. About the 10th of July, 1873, an answer was received to this inquiry inclosing a new note, dated July 1st, 1873, for fifteen hundred dollars, payable fourteen months after date, with ten per cent. interest from date. This note was to be signed by plaintiffs, and also by some solvent person in Adams County, Ills. This letter also stated that the Messrs. Bull demanded in addition, that all back interest on the original note due up to July 1st. 1873, should be paid in full ; and that on compliance with these terms, they would deliver to plaintiffs the note signed as security for defendants. On July 17th, 1873, one of the plaintiffs answered this letter, and objected to the time and interest to be paid, as he could not pay the interest at that time, and received a reply on the 23rd of the same month, that no different arrangements could be effected. A previous arrangement had been made with the father of one of the plaintiffs who resided in Quincy, to go on this new note, and after it was found that no further extension of time could be obtained, and that no different arrangements about the payment of the arrearages of interest could be made, plaintiffs signed the note, and on the 26th day of July, inclosed it in a letter with the request that it should be signed by the additional party, the interest paid, and the old note taken up. On the 1st day of August, next thereafter, the interest was finally paid, the new note delivered, and the old note taken up to be delivered to the plaintiffs.

On the 20th day of July, 1873, the present suit was instituted by attachment to recover of the defendants the fifteen hundred dollars, which it was alleged, plaintiffs had paid for them as their sureties. Defendants filed a plea in the nature of a plea in abate-

ment, which being tried before a jury, the issues were found for the plaintiffs. The cause then proceeded and was submitted to the court without the intervention of a jury, and, upon the facts as above set forth, the court rendered judgment for the plaintiffs and the defendants sued out their writ of error.

The declaration given for the plaintiff is involved and obscure, and certainly liable to criticism. In substance it declares that if plaintiffs accepted the proposition of L. & C. H. Bull, and signed the note before the institution of this suit, and forwarded the same to be delivered to them, and they accepted the same, and the whole transaction was carried on according to their original proposition, and bears date July 1, 1873, then the plaintiff's right of action was complete before the commencement of the suit, and the judgment should be for the plaintiff.

This instruction can only be sustained by applying the doctrine of relation, which certainly is not warranted in a case of this kind.

For the defendants the court declared the law to be, " 1st, If the court * * * * finds from the evidence that plaintiffs had not paid off by giving another note instead of the note of date Feb. 22, 1872, executed by them and defendants to L. & C. H. Bull, at the date of bringing this suit, July 20th, 1873, the verdict must be for the defendants; 2nd, Though the court may find that plaintiffs, for some time prior to the institution of this suit, had been negotiating to take up said note in which they were sureties for the defendants, and though the court find that plaintiffs had agreed to comply with the terms required by L. & C. H. Bull, the payees thereof, by letter or otherwise, before the institution of this suit, yet if said agreement had not been fully carried out, and said note of Feb. 22, 1872, been paid in pursuance of said agreement at the time of, or prior to, the institution of this suit, then plaintiffs are not entitled to recover."

These instructions declared the law correctly; but the finding of the court was in opposition to them. The judgment of the court cannot be sustained because there was no evidence whatever to support it. When there is a conflict in the evidence, or any reason for a substantial doubt, we will not consider the facts or

attempt to weigh them. But where there is a total and absolute failure of testimony, or where it is all on one side, then we are bound to see and examine whether the verdict is proper.

In the present case there is no conflict whatever. The evidence all shows, in the most conclusive manner, that the arrangement between the Bulls and the plaintiffs was not carried out or consummated till the first day of August, 1873. It was at that time, and not till that time, that they paid off and took up the note on which they were sureties for defendants. Defendant's liability then became fixed, and from that time they were thus the debtors of the plaintiffs.

But the suit was commenced on the 20th of July preceding, when the plaintiff's liability was wholly uncertain and contingent, and when they were in no sense defendant's creditors.

Now the well established doctrine is, that the surety can only recover what he has paid to extinguish the debt, and until the surety pays the debt for which he is security, his demand has no existence. The principal does not become a debtor of the surety until the latter pays the debt, for which he is liable as security. When the payment is made then the liability for the first time becomes fixed in such a manner as to make the principal a debtor.

The debt for which an attachment may issue must possess an actual character and not be merely possible, and dependent upon a contingency which may never happen. Therefore, a surety upon a note cannot institute the proceeding till he has paid the note, or done that which is deemed equivalent thereto. In this State the statute authorizes an attachment in some instances, where the debt is not due, yet the provision plainly contemplates that to warrant the proceeding, there must be an actual subsisting debt, which will become due by the efflux of time. When this suit was instituted there was no actual or subsisting debt existing in favor of the plaintiffs, and the consequence is, that the judgment must be reversed and the cause remanded.

All the judges concurring, except Judge Vories, who is absent.