C. F. WEIDEMEYER, Respondent, v. W. L. LANDON, Appellant.

St. Louis Court of Appeals, May 12, 1896.

**Contribution**: ESSENTIAL CONDITIONS. Suit for contribution can not be maintained by one of several joint debtors, until payment of the joint obligation has been made or something done equivalent thereto And *held*, BOND, J., not concurring, that the evidence in this cause warranted a finding of such payment.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Edward J. White* for appellant.

*H. H. Bloss* for respondent.

BOND, J.—The parties to this suit owned a lot in Aurora, Missouri, as tenants in common. They borrowed of the Aetna Loan Company of St. Louis $10,000 to pay for a building on said lot, giving a first deed of trust thereon to secure said sum and interest notes of $50 each, payable monthly for one hundred and nineteen months; they also gave a second deed of trust to secure the payments of the $5,000 premium note in monthly installments of $50, and a bond for dues on twenty shares of stock in said loan company, such dues to be $40 per month and both of said monthly payments to continue for one hundred and nineteen months. The trust deeds evidencing these transactions were executed in November, 1892. Each of them provided for foreclosure for the full indebtedness

Weidemeyer v. Landon.

upon default in any of the monthly payments. Under this clause a foreclosure was had November 17, 1894. The property was purchased by the loan company for $9,000. The trust deeds were satisfied of record and the notes and evidences of debt therein recited were canceled, after which the loan company entered on its books of account statements showing a balance due it, after deducting the amount bid upon such foreclosure of $1,483.40, made up of delinquent interest, delinquent stock payments and fines for delinquencies. On the twenty-sixth of January, 1895, the loan company executed a warranty deed for said property to plaintiff and one Salmon as copurchasers for the consideration of $10,483.40. This consideration was expressed by two joint notes given by the purchasers, one for $1,483.40, due at thirty days and paid at maturity, the other for $9,000, secured by a trust deed on the property. On the twenty-sixth of March, 1895, the purchasers executed a quitclaim deed to the property for the consideration of $10,600 to the Fidelity Investment Company, a corporation wherein they owned all the shares equally except two which were in the name of a brother of Salmon.

Mr. Salmon, the copurchaser with plaintiff, testifies that the consideration for the deed to them was the payment to the loan company of what the property stood it "on the books." It is conceded that the company's books showed the property stood it $10,-483.40, or the exact sum stated as the consideration in the deed to plaintiff and Salmon. The secretary of the company, who made the trade with these parties, testifies that the two joint notes given by them for $1,483.40 and $9,000 formed the consideration for the deed. He also testified that he agreed to transfer to said purchasers whatever right the company had against plaintiff and defendant on account of its failure

to collect the full sum due from them at the time of the foreclosure of such deed of trust.

Plaintiff's testimony is seemingly disingenuous, but it shows, when he was examined in rebuttal, that he knew the company would not sell the property to himself and Salmon except for the payment in full of the amount it stood the company on its books. He testifies that the joint note given by himself and Salmon for $1,483.40 was paid by him personally. His present action is against defendant for one half of the sum so paid. He recovered judgment in the circuit court for $760.20, from which defendant appealed.

In my opinion the circuit court erred in refusing defendant's instruction to the effect that, under the evidence, plaintiff could not recover. This will be apparent, when the undisputed facts are considered in the light of elementary rules of law applicable to actions for contribution. These were formerly of equitable cognizance, but are now entertained in courts of law, where full redress is administered. *Van Petten v. Richardson*, 68 Mo. 379. The right to contribution exists in all cases of joint obligations, whether primary or secondary, where one of the joint debtors has been compelled to pay. Suit for contribution can not be brought until payment has been made, or something done equivalent thereto. *Huse v. Ames*, 104 Mo. 91; *Hearne v. Keath*, 63 Mo. 84. In the case at bar the entire evidence shows that more than two months after the loan company had foreclosed its trust deeds on the property of plaintiff and defendant, acquired perfect title thereto and canceled all the evidences of debt against said parties, it made a sale of the same property to plaintiff and a third party at and for a sum which would reimburse the loan company for all that might be due it on account of its former loan and by reason of fines authorized to be entered against the

former purchasers as stockholders in the loan company as a building association. There is no theory of law or logic, whereby such transaction should be deemed other than a sale for a certain and fixed consideration. That a portion of this purchase money was paid by one of the purchasers, if true, does not affect the character of the transaction as a sale. The loan company owned the property, and had the right to fix the purchase price at any figure it desired. That the sum demanded was equal to all that might have been earned under a previous loan did not alter the fact, that a conveyance for such sum was a sale, pure and simple, of the property to the persons willing to pay the price. This being so, the case is not one of enforced payment by plaintiff of a joint liability of himself and defendant affording a basis for contribution. The most that can be made out of the testimony is that plaintiff's vendor exacted upon a sale of the property, to which it had perfect title, a sum equal to what it might have earned if all due it upon a former loan on the property had been paid at the time of the foreclosure of a deed of trust securing said loan. Plaintiff and his copurchaser voluntarily paid the price and received the property. If it be conceded that a portion of this price was paid by plaintiff out of his own means, that fact in nowise entitles him to contribution against defendant. A right to contribution can only arise, where the party asking it has paid a joint obligation. It does not arise upon the purchase by a joint obligor of property, however the payment of the purchase price may be apportioned by the joint obligor between himself and a copurchaser.

My associates are of opinion that there is evidence in the record tending to show the consideration of the sale to plaintiff and Salmon was $9,000 instead of the sum stated in the deed. We are all of opinion that

the instructions given by the court were erroneous. Among these, instruction number 2 given for plaintiff is conspicuous for error, which instruction is to wit:

"The court instructs the jury that, if you believe from the evidence that, at the time that the plaintiff left Aurora to go to Osceola, Missouri, or previous thereto, he and the defendant had an understanding that the rents of the building on which they had given a mortgage were to be applied on the payment of the monthly dues due the Aetna Loan Company, and that thereafter the defendant retained a part of the rents himself, and, without protest, allowed the bank of which he was an officer to retain a part of such rents, and that by reason of the defendants' failure to comply with such agreement, if you find there was due any part of the said dues, and they were not paid them, your finding will be for the plaintiff in the sum of $741.70, with six per cent interest thereon per annum from the time the same was demanded of defendant by plaintiff, to wit, April 1, 1895."

This instruction is predicated upon assumptions outside of the cause of action sued upon, and is wholly indefensible as a statement of law applicable to the supposed facts. In the opinion of my associates the single issue in this case is as to the consideration of the deed from the loan company to plaintiff and Salmon. Hence, this question only should be submitted to the jury on the next trial by instructions to the effect that defendant is not liable in this action, if the jury believe from the evidence that the consideration of the conveyance of the property in question to plaintiff and Salmon was the sum stated in the deed, and that he is liable, if the jury find from the evidence that the consideration for such sale was $9,000, instead of the amount mentioned in the deed. The judgment will be reversed and the cause remanded. It is so ordered.