CAMPBELL B. SHAW, Plaintiff, v. W. J. POLLARD et al., Respondents.

St. Louis Court of Appeals, April 24, 1900.

1. **Prohibition: DEBTOR AND CREDITOR: SPLITTING CAUSES OF ACTION.** Prohibition was employed by plaintiff to prohibit justice of the peace Pollard from proceeding further to hear and determine three suits instituted before him by Joseph Franklin, Jr., on three accounts, obtained by splitting one running account into three parts, after the justice had refused to dismiss the suits of plaintiff on his motion alleging a want of jurisdiction in the justice to hear and decide them.

2. ———: ———: ———: **ADEQUATE REMEDY: ERROR: JUDICIAL ACTION.** Prohibition can not be resorted to when the party has an adequate remedy at law by appeal, nor can it be used to correct mere error in judicial action.

*Original Action in Prohibition.*

WRIT DENIED.

No briefs furnished reporter for either party.

BLAND, P. J.—Plaintiff alleges in his petition as ground for writ of prohibition, that Joseph Franklin, Jr., has a running account against plaintiff for money loaned at divers times, between April, 1898 and January, 1899, aggregating $1,165.16; that in February, 1900, Franklin, without the consent of plaintiff split his account into three parts and began three separate suits for said amount against plaintiff before Pollard, a justice of the peace in the city of St. Louis; that the splitting of the account into three parts was done for the purpose of giving the justice jurisdiction. Defendant Pollard demurred to the petition, on the grounds, first, that the petition does not state facts sufficient to authorize the issuance of the writ of prohibition; second, that the petition shows upon its face that the petitioner has an ample and adequate remedy by appeal, and third, that the court is without jurisdiction to grant the writ.

That a creditor can not split his demand against his debtor, without the consent of the latter, is well-settled law. Morrison v. DeDonato, 76 Mo. App. 643. If without the consent of the debtor the creditor splits his account or demand and sues for a part of it only and recovers judgment thereon, the judgment may be pleaded in bar to the balance of the account or demand. Union Depot R. R. & Transp. Co. v. Traube, 59 Mo. loc. cit. 363; Petit v. Ins. Co., 69 Mo. App. loc. cit. 320. Appeals are allowed from the judgment of justices to the circuit courts, where they are to be tried *de novo*. So that the plaintiff here has an adequate remedy at law by appeal. In such circumstances the writ of prohi-

bition should not issue.   State ex rel. v. Klein, 116 Mo. 259; State ex rel. v. Anthony, 65 Mo. App. 543; Mastin v. Sloan, 98 Mo. 252.   The gravaman of the complaint is that the justice committed judicial error in refusing to sustain Shaw's motion to dismiss the suits.   This allegation is but an assignment of legal error alleged to have been committed by the justice.   The writ of prohibition can not be used to correct mere error in judicial action.   State ex rel. v. Hirzel, 137 Mo. 435; State ex rel. v. Heege, 39 Mo. App. 49.   The case of State ex rel. v. Allen, 45 Mo. App. 551, relied on by plaintiff to support his petition, when correctly read, is an authority against his contention.

The demurrer is sustained and the petition and writ are dismissed at plaintiff's costs.

Judge *Bond* concurs; Judge *Biggs* absent.