Rudy CHUNING et al., Appellants,

v.

William CALVERT, Respondent.

No. 25225.

Kansas City Court of Appeals,
Missouri.

Feb. 2, 1970.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 6, 1970.

Galen Knowlton, Michael Drape, Knowlton & Drape, Kansas City, for appellants.

Charles R. Svoboda, Kansas City, for respondent.

SHANGLER, Presiding Judge.

Plaintiff Rudy Chuning, a Kansas City, Missouri fireman sued defendant William Calvert for damages for personal injuries which he attributed to a collision caused by defendant's negligence. At the time of the collision, the defendant was driving his automobile. The plaintiff was then occupying a fire-fighting truck which was responding to a fire call from St. Luke's Hospital. Among the elements of damage pleaded by plaintiff Chuning as part of his cause of action were those for permanent injuries, pain and suffering, expenses of treatment and medication, loss of earnings and impairment in ability to work. Thereafter, Kansas City, Missouri, was granted leave to intervene as a party plaintiff on the pleaded theory that, by force of certain provisions of the City's Administrative Code, it was both required to pay plaintiff certain sums for lost wages and medical expenses and was also subrogated to plaintiff Chuning's right to recover against the defendant to the extent of such payments. Thus, by their pleadings, both plaintiffs sought recovery for medical expenses and loss of earnings; plaintiff Chuning for all of it, plaintiff City to the extent of its payments. Neither plaintiff Chuning nor defendant Calvert formally disputed the City's right to intervene for this purpose. Even on this appeal, the validity of the order allowing intervention and the procedures followed at the trial in consequence of it are not questioned.

Evidence was heard and the issues raised by both petitions were submitted to the jury. After some deliberation, the jury returned a single verdict, which was refused by the court. They were returned to the jury room after the court directed that they "read the instructions again * * * particularly the one having to do with the forms of verdict". That effort at a verdict is not recorded verbatim. Outside the presence and hearing of the

jury, however, the court informed counsel "all that they brought down was one verdict, and that was a verdict for the City, $459.08. They didn't follow the instructions".

After additional deliberation, the jury returned two verdicts, as authorized by the forms of verdict instruction, No. 8 (MAI 36.08 Multiple Plaintiffs [Consolidated Cases] vs. Defendant), in each case, unanimous:

"We, the jury, find the issues in favor of the plaintiff, Kansas City, Missouri, and do assess its damages at $459.08. Signed, James P. Lacy, Foreman."

And,

"We the jury, find for the plaintiff, Rudy Chuning, and in view of the fact that Chuning was paid for loss of wages and medical expenses arising out of this accident, being paid by the City of Kansas City, assess his damages at nothing. Signed, James P. Lacy, Foreman."

The court received these verdicts with the comment: "Gentlemen, I have received your verdicts, and you didn't exactly, at least in part, follow the forms suggested by the Court, but it is not necessary as long as the intent of your verdict is clear. The Court believes that the intent of the jury is clear in returning this verdict—or these verdicts." These verdicts were received without demur or objection of counsel for Chuning or defendant Calvert, although the court explicitly invited their comment.

■ As revealed in the transcript, the judgment rendered by the court upon the verdicts reads in its entirety: "WHEREFORE, it is ordered and adjudged by the Court that Kansas City, Missouri, have and recover from defendant the sum of Four Hundred Fifty-Nine and Eight One Hundreths ($459.08) Dollars, together with the costs of this cause and that execution issue therefor." The judgment makes no mention of plaintiff Chuning, nor does it explicitly undertake to translate the jury's verdicts into a final determination of the

rights between plaintiff Chuning and defendant Calvert. Chuning makes no complaint of it either on his new trial motion or on this appeal. Apart from an oblique reference to the incongruity of the jury's verdict in his favor (because of its inadequacy), plaintiff Chuning seemingly accedes to the legal sufficiency of the verdicts returned and does not question the judgment at all. And despite the rule that ordinarily (unless the trial court has expressly ordered a separate trial of an issue, Civil Rule 82.06 V.A.M.R.), an appealable judgment is one which disposes of all the parties and issues in the case (Sec. 511.020, V.A.M.S., Scheid v. Pinkham, Mo., 395 S.W.2d 166, 168), defendant Calvert does not question Chuning's right to prosecute this appeal or our jurisdiction to determine it. Mindful that the right to appeal is purely statutory, it is the duty of a reviewing court, nonetheless, to decide whether it is, in fact, a final judgment from which the appeal is being taken. Kansas City Power & Light Company v. Kansas City, Missouri, Mo., 426 S.W.2d 105, 107.

■ "A judgment is the final determination of the right of the parties in the action." Sec. 511.020, V.A.M.S. In a jury case, it is the judge's determination of the case upon the verdict. 46 Am.Jur.2d, Judgments, Sec. 4, p. 316. Or, as it has been otherwise expressed, in such a case "(a) verdict is the sole basis of the judgment". Thorne v. Thorne, Mo., 350 S.W. 2d 754, 757[1–3]. As its rendition and entry are the culmination of a series of interrelated aspects of the litigation, it must be construed with reference to the record as a whole, including the pleadings, instructions, verdict and those matters required to be preserved by statute or rule of court. Rehm v. Fishman, Mo.App., 395 S.W.2d 251, 255; Caruthersville School Dist. No. 18 v. Latshaw, 360 Mo. 1211, 233 S.W.2d 6, 9. We look to the whole record, therefore, to learn whether the judgment intended to determine all of the issues between all of the parties to the litigation, or whether anything was left for future decision.

Reference to the record makes it at once clear that by its intervention, the plaintiff City was allowed to appropriate a portion of plaintiff Chuning's cause of action and assert it to judgment as its own. In their briefs, pleadings, and after trial motions, as well as in the court's Order Staying Execution (of judgment), the court and counsel described and treated the City's claim as "derivative". That is to say, the City's right to recover its payments to Chuning depended upon Chuning's right to recover from the defendant. The trial court's predicament resulted from a failure to instruct the jury as to the form of its verdict in the event it found damages for Chuning in an amount equal to the damages found for the City.

The jury returned two verdicts and the court rendered its judgment upon them. When the recovery of money is sought, the jury is required to return a general verdict. If the verdict is in favor of the plaintiff, it is required to assess damages if that issue has been submitted. Civil Rules 71.02, 71.06, V.A.M.R., Secs. 510.230, 510.-270, V.A.M.S.; Haley v. Byers Trans. Co., Mo., 394 S.W.2d 412, 415. In this case, the jury returned a general verdict for plaintiff Chuning but "assess(ed) his damages at nothing". Had the court believed the verdict to have been unclear or defective, it could have required the jury to retire again to correct it or find a new verdict. Thorne v. Thorne, supra, 350 S.W.2d 757. This was the procedure the court adopted when it refused the initial, abortive effort of the jury. The trial court, however, received the verdicts and found "the intent of the jury * * * clear in returning this verdict—or these verdicts". The rendition and entry of judgment followed. From all this record information, it is reasonable to conclude that, as the issues were tried on the theory that the City's claim was "derivative", when the jury returned verdicts in favor of both the City and Chuning, but assessed damages only for the City, the court construed the verdicts as having found those damages, in effect, for plaintiff Chuning. The judgment as entered, however anomalous,[1] undertakes to give recognition to the City's claim of subrogation which, it happened, was equivalent to Chuning's total damages. In doing so, the judgment intended to finally determine all the issues between all the parties—Chuning, the City and Calvert —left nothing to be litigated, and is therefore appealable.

We still do not reach a consideration of the merits of plaintiff Chuning's appeal, however, for in the exercise of our duty to examine and determine whether we have jurisdiction of the subject matter presented, we find that as to one aspect of it, we do not. 20 Am.Jur.2d, Courts, Sec. 93, p. 453; In re Estate of Hill, Mo.App., 435 S.W.2d 722, 724. The trial court acted in excess of its jurisdiction when, by its order, it allowed Kansas City, Missouri to intervene as a party plaintiff although the "Intervener's Petition for Damages" failed to state a claim upon which relief could be granted. Civil Rule 55.06, V.A.M.R.; Sec. 509.050, V.A.M.S. And it is of no moment that neither plaintiff Chuning nor defendant Calvert (other than perfunctorily in his Answer) questioned the court's power to make such an order, as jurisdiction, or its excessive exercise, cannot be conferred or validated by the acquiescence of counsel. See: Vol. 8, Missouri Digest, cases cited under "Courts", Nos. 22–25.

---

1. As the legal sufficiency of the verdicts or of the judgment entered upon them were not presented for our review, we are not faced with the baffling task which confronted the trial judge of translating the verdicts into a judgment which explicitly determined all the issues between all the parties. We have concluded the trial judge *intended* to do so, but we do not believe he either succeeded or could have succeeded. If the judgment construed the jury's findings as a general verdict awarding plaintiff Chuning damages of $459.08, what became of his right to recover costs? For, "if the claimant recover any damages he shall recover his costs". Civil Rule 77.11, V.A.M.R. (They were awarded to plaintiff City.)

The cause of action asserted in plaintiff Chuning's petition was for damages for injuries to his person caused by the defendant Calvert's negligence. The essential elements of such a claim are negligence, causation and injury. Biscoe v. Kowalski, Mo., 290 S.W.2d 133, 138; 65 C.J.S. Negligence § 1(12), pp. 453–456. The items of resulting damage plaintiff pleaded and for which he sought to recover, among others, were for permanent injury to his person, as well as for medical expenditures, lost earnings and diminished earning capacity. As items of damage "which flowed from, and were an integral element of, a personal tort", they were components of an essential element of the single cause of action for negligent injury to his person. Travelers Indemnity Company v. Chumbley, Mo. App., 394 S.W.2d 418, 422; 19 A.L.R.3d 1043; Wise v. Towse, Mo.App., 366 S.W.2d 506, 510. A single wrongful act gives rise to a single cause of action and there is a single right of action for its recovery, although numerous items of damage may have been suffered. Coy v. St. Louis & S.F.R. Co., 186 Mo.App. 408, 172 S.W. 446, 447; Chamberlain v. Missouri-Arkansas Coach Lines, Inc., 354 Mo. 461, 189 S.W.2d 538, 539; Restatement of Judgments, Sec. 62, Comment (e), pp. 242–247. By its "Intervener's Petition for Damages", the City sought to be "subrogated or indemnified from any judgment" received by Chuning to the extent of the City's payment to him for medical expenses and lost earnings incurred by Chuning while injured "in the line of duty". As we have already noted, the order allowing intervention authorized the City to appropriate to itself two items of special damages, lost wages and medical expenditures, which were dissevered from Chuning's full claim for damages and from

his cause of action as a whole. The legal effect of the court's order was to split Chuning's cause of action in the manner described and to give color of validity to an assignment of a portion of a cause of action for personal injury.

While it is said that, since the rule prohibiting the splitting of a cause of action is for the convenience of the defendant, he may waive its benefits by consenting to the institution of separate actions on a single cause of action (Restatement of Judgments, Sec. 62(c), p. 243; 1 C.J.S. Actions § 102g, p. 1312; General Exchange Ins. Corp. v. Young, 357 Mo. 1099, 212 S.W.2d 396, 398–399; Shaw v. Pollard, 84 Mo.App. 286, 287), an attempted assignment of a cause of action for personal injury, or any part of it, prior to judgment is void as against public policy and cannot be validated even by the express consent or acquiescence of the parties. Forsthove Bros. v. Hardware Dealers Mutual Fire Ins. Co., Mo.App., 416 S.W.2d 208, 217; Kramer v. Laspe, Mo.App., 94 S.W.2d 1090, 1094; Travelers Indemnity Company v. Chumbley, supra, 394 S.W.2d p. 423. And, although the pleaded basis of the City's right to maintain its claim is by "subrogation" or "indemnity" rather than by conventional assignment, "[its] status * * * in legal effect, [is] that of an assignee of a portion of (Chuning's) cause of action for personal injury". Travelers Indemnity Co. v. Chumbley, supra, 394 S.W.2d p. 423; Forsthove Bros. v. Hardware Dealers Mutual Fire Ins. Co., supra, 416 S.W.2d pp. 219, 221.[2] Thus, even if a right of subrogation was, in fact, created by the ordinance pleaded and relied on by the City,[3] it could not have been, in any event, validly exercised because

2. In each, the Travelers and Forsthove cases, the "right" of subrogation asserted was by an insurer against the insured (among others) and was based upon policy provisions explicitly undertaking to subrogate the insurer to the right of the insured to recover against a third party tortfeasor to the extent of the payment made by the insurer to the insured. In

Travelers, medical payments were involved; in Forsthove, there were funeral expenses within a medical payments definition.

3. In Loman v. Harrelson, Mo.App., 437 S.W.2d 123, Kansas City, Missouri sought to be subrogated to its injured employee's right to recover against a third party

amounting to an attempted assignment of a personal injury claim. An assignment of such a cause of action cannot serve as the basis for a recovery. A petition which pleads such an assignment does not plead a cause of action. Travelers Indemnity Company v. Chumbley, supra; Forsthove Bros. v. Hardware Dealers Mutual Fire Ins. Co., supra. And a petition which does not plead a cause of action is insufficient to call into being the exercise of the court's jurisdiction. State ex rel. State Highway Commission v. Elliott, Mo., 326 S.W.2d 745, 750. A verdict will not cure such a petition (State ex rel. Becker v. Koerner, Mo.App., 181 S.W.2d 1004, 1007) and no valid judgment can be entered upon it (Jones v. Alf Bennett Lumber Co., 175 Mo.App. 26, 157 S.W. 864, 867), and if entered, cannot be enforced. State at Information of Dalton ex rel. Tucker v. Mattingly, 275 S.W.2d 34, 39. Since the City's petition for intervention failed to state a cause of action, to the extent that it was the subject matter of the action which we review, to that extent the trial court lacked jurisdiction to hear and determine it.

A court must have jurisdiction not only of the parties and subject matter, but also jurisdiction to render the particular judgment in the particular case. State v. Mattingly, supra, p. 39; Charles v. White, 214 Mo. 187, 112 S.W. 545, 549. In its broad sense, jurisdiction of the subject matter has been defined as: "The power to hear and determine cases of the general class to which the proceedings in question belong; the power to deal with the general subject involved in the action * * *". 21 C.J.S. Courts § 23, p. 36; Pogue v. Swink, 365 Mo. 503, 284 S.W.2d 868, 873[7,8]. In a given case, ' "(t)he subject-matter of an action has been defined to mean the nature of the cause of action or the relief sought" '. American Constitution Fire Assur. Co. v. O'Malley, 342 Mo. 139, 113 S.W.2d 795, 802. By these standards, the trial court undoubtedly had jurisdiction of the general subject matter of the original action for damages, as well as of an authorized petition for intervention. Civil Rule 52.11, V.A.M.R. The City's petition, on the other hand, was based upon an assignment proscribed by public policy. It neither presented a justiciable issue nor could it have been amended to state one. Although the trial court had jurisdiction of the general subject matter of the action, including the power to pass on whether the City's petition for intervention stated a cause of action, it did not have the power to further exercise such jurisdiction it possessed once it was determinable that no cause of action had been or could be stated and that it could lawfully give no relief. State ex rel. Randolph County v. Walden, Mo., 206 S.W.2d 979, 987[17, 18]; State ex rel. National Refining Co. v. Seehorn, Mo., 127 S.W.2d 418, 425[12, 13, 14]. The actions of the trial court in ordering the intervention and in entering the judgment upon the trial of it were no actions at all and must be treated as nullities. American Constitution Fire Assur. Co. v. O'Malley, supra, 113 S.W.2d p. 804; Mesendieck Grain Co. v. Folz, 227 Mo.App. 24, 50 S. W.2d 159, 161.

---

tortfeasor to the extent of its payments to the employee for medical expenses and lost wages. We sustained the trial court's dismissal of the City's petition to intervene because we found the ordinance did not require the City to make such payments, but that it made them as a volunteer, and therefore, no right of subrogation was created by the ordinance. The ordinances relied on in that case and in the one under review, although bearing different numerical designations because later revised, are substantively equivalent. Yet, as we have explained, the City's

right to intervene as subrogee has not been contested by *any* party, either at the trial or on appeal. We discuss it, of course, as incidental to our quest for the jurisdictional fact. In fairness, we will state that defendant-respondent Calvert mentions the Loman case in his brief and acknowledges that by its holding, "Kansas City, Missouri was not entitled to any portion of (Chuning's) recovery * * * (but that) it made such claim without objection from plaintiff". He does not explain his own lapse.

The judgment of the trial court is reversed and remanded with directions that plaintiff Chuning be granted a new trial on all issues of his petition. The trial court is further directed to vacate its order sustaining plaintiff Kansas City Missouri's "Intervener's Petition for Damages", and that it enter an order dismissing it.

All concur.