**416**

Lydia Jean LADING and Robert Lading, Respondents,

v.

Diana K. SAWTELLE, Respondent,

and

Farm Bureau Mutual Insurance Company, Intervenor-Appellant.

No. WD 38284.

Missouri Court of Appeals, Western District.

Nov. 25, 1986.

Paul Hasty, Jr., Kansas City, for Farm Bureau.

David Q. Reed, Kansas City, for Lading.

William H. Sanders, Jr., Kansas City, for Sawtelle.

Before CLARK, C.J., and SHANGLER and NUGENT, JJ.

CLARK, Chief Judge.

This appeal presents the question of whether a Kansas insurance company may, under a policy of "personal injury protection" coverage issued to a Kansas resident, intervene in the insured's suit for damages brought in a Missouri court and assert a subrogation claim for payments made under the policy for injuries the insured suffered in an automobile accident. The trial court denied the motion to intervene and this appeal followed.

The facts are that Lydia Jean Lading was operating a 1980 Chevrolet owned by her and her husband, Robert Lading, in Jackson County, Missouri on July 13, 1982 when a collision occurred with an automobile driven by Diana K. Sawtelle. In consequence, Lydia suffered personal injuries and the automobile was damaged. Lydia and Robert are residents of Kansas and Sawtelle lives in Jackson County, Missouri. Lydia and Robert filed suit against Sawtelle in the Circuit Court of Jackson County, Missouri to recover for personal injuries, property damage and loss of consortium and the cause now pends in that court, subject to disposition of this appeal.

Farm Bureau Mutual, a Kansas insurance company, appellant here, had issued, and there was in full force and effect as of July 13, 1982, a policy of insurance covering the Lading vehicle. The policy was issued and delivered in Kansas. Under the terms of that policy, appellant provided, among other coverages, personal injury protection whereby appellant agreed to pay

the insured's medical and rehabilitation expenses, lost wages, essential service expenses, funeral and survivors loss to certain stated limits in the event the insured was injured in an automobile accident involving the insured vehicle. Appellant paid the claim under that coverage in consequence of the July 1982, accident.

The insurance contract between appellant and the Ladings provides that appellant shall be subrogated to the extent of its payments under personal injury protection coverage, shall have a lien against any recovery the insured may obtain from a third party tort-feasor and may intervene in any action to protect that lien. This right of subrogation is recognized in the Kansas statutes. K.S.A.1981 40–3113a.[1] Relying on the contract provision, appellant moved to intervene in Ladings' action against Sawtelle and submitted a proposed intervenor's petition. That petition generally repeated the allegations of Sawtelle's negligence as set out in the Ladings' petition, described the insurance policy terms under which appellant had been required to make payments to the Ladings and sought to recoup the amounts by judgment against Sawtelle.

Intervention by appellant was opposed by the Ladings. After consideration of suggestions filed in support of and in opposition to the motion, the court denied intervention.

On this appeal, Farm Bureau contends the trial court erred in denying its intervention because appellant meets the criteria set out in § 507.090, RSMo.1978 and Rule 52.12 providing for intervention as a matter of right. It asserts that the interest it claims is in the subject matter of the Ladings' lawsuit, a recovery from the tort-feasor, and that its interests are not adequately represented by the Ladings who refuse to recognize appellant's subrogation claim.

We turn first to an examination of Kansas law which, in the matter of the insurance protection at issue in this case, is unknown by way of any comparable provisions in Missouri law. The Kansas Automobile Injury Reparations Act is designed to make personal injury protection insurance mandatory by requiring every owner of a motor vehicle to obtain first party coverage payable by his own insurance company regardless of fault. One of the primary purposes of the law is the reduction of automobile accident litigation. *Richards v. Etzen*, 231 Kan. 704, 647 P.2d 1331, 1333–34 (1982). Under K.S.A. 40–3113a, the insurer of the injured person who has paid benefits under this coverage is given a lien for such payments against any recovery the insured may make from the tort-feasor. If the injured party who is entitled to commence an action against the tort-feasor does not do so within eighteen months after the date of the accident, the cause of action in tort is thereby automatically assigned to the insurer who may then sue in its own name or in the name of the injured person. K.S.A. 40–3113a(c).

Appellant relies on Missouri law as set out in § 507.090 RSMo.1978 and Rule 52.12 to support its contention that intervention should have been granted it as a matter of right. It concedes that an interest in respondents' suit for damages against Sawtelle is a prerequisite to invoking the right of intervention, and claims that interest exists here by reason of the insurance contract and the Kansas statute.

The type of interest contemplated under Rule 52.12 is a concern in the outcome or result of an action because the party claiming the interest has a legal right which will be directly affected or a legal liability which will be directly enlarged or diminished by the judgment or decree in such action. *Matter of Trapp*, 593 S.W.2d 193, 204 (Mo. banc 1980). Appellant currently has no such interest in the present suit.

The applicable portion of the Kansas statute, K.S.A. 40–3113a(b), reads: "In the event of recovery from such tortfeasor by the injured person, * * * by judgment, settlement or otherwise, the insurer * * * shall be subrogated to the extent of dupli-

---

1. All references are to K.S.A.1981 unless otherwise noted.

cative personal injury protection benefits provided to date of such recovery and shall have a lien therefor *against such recovery* and the insurer * * * may intervene in any action to protect and enforce such lien." (Emphasis added). The policy language duplicates that of the statute.

It is apparent from this terminology that the interest of the personal injury protection insurer in recovery of its payments to the insured is not a subrogation interest arising by virtue of the claim payments, in the usual sense of subrogation, but is a right which matures only if and when the insured makes a recovery on the claim against the tort-feasor. The lien of which the statute and the policy speak is not a lien upon the claim, but a lien on settlement or judgment proceeds. Until it has been established that the tort-feasor is liable and the damages have been assessed, the insurer has no enforceable claim against the insured, and certainly none against the tort-feasor.

In this case in which the liability of Sawtelle as well as the amount of respondents' damages are the issues in contest, it is obvious there is yet no recovery in which appellant may claim any interest. Appellant therefore does not meet the requirements of § 507.090, RSMo.1978 and cannot claim intervention in this action as a matter of right. By so ruling, this opinion is not to be construed as reaching the question of whether Missouri courts will accept all of the provisions of the Kansas statute, particularly those providing for assignment of an insured's cause of action.

It is to be noted that appellant makes no claim here of appropriation of the cause of action against Sawtelle to the exclusion of respondents. Under K.S.A. 40–3113a(c), the failure by the insured to commence an action against the tort-feasor within eighteen months after the date of the accident operates as an assignment of the cause of action against the tort-feasor to the insurer to the extent of recovery of damages which are duplicative of personal injury protection benefits. Whether these provisions are violative of the public policy of Missouri which does not recognize assignment of a cause of action for personal injuries before judgment as held in *Travelers Indemnity Co. v. Chumbley*, 394 S.W.2d 418 (Mo. App.1965); *Forsthove v. Hardware Dealers Mutual Fire Ins. Co.*, 416 S.W.2d 208 (Mo.App.1967) and *Chuning v. Calvert*, 452 S.W.2d 580 (Mo.App.1970), as argued in respondents' brief, must await a case in which that issue is ripe for decision.

The judgment is affirmed.