**In re Trannie Marie WILLIAMS, Debtor.**

No. 02–62660.

United States Bankruptcy Court, W.D. Missouri.

April 4, 2003.

Robert F. Torp, Springfield, MO, David T. Tunnell, James E. Corbett, Corbett Law Firm, Springfield, MO, for Debtor.

J. Kevin Checkett, Carthage, MO, for Trustee.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

The Chapter 7 trustee objected to debtor Trannie Marie Williams' claim of exemption for a potential personal injury lawsuit for that portion of the claim that relates to lost wages and medical expenses. Ms. Williams responded that any recovery from the potential lawsuit is exempt because the claim is unliquidated and unassignable at this time. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will find that Ms. Williams is entitled to claim any recovery from a pending lawsuit for personal injuries as exempt.

## FACTUAL BACKGROUND

On October 29, 1999, Ms. Williams was involved in an automobile accident when another driver backed into her car. She did not miss any work as a result of the accident, but she did see a physician and had physical therapy.

On November 13, 2002, Ms. Williams filed this Chapter 7 bankruptcy petition. She did not list the potential lawsuit on her original schedules, however, on December 16, 2002, she amended Schedules B and C to include the claim as personal property and to claim an exemption therein. On Schedule F, Ms. Williams listed unsecured-nonpriority debt in the amount of $50,505.58. Included in that sum are debts for medical services related to the accident in the amount of $13,089.86. Ms. Williams testified that she intended to discharge these medical bills. The trustee objected to Ms. Williams claim of exemption to the extent any recovery was for lost wages or for medical expenses being discharged in this bankruptcy case. On February 13, 2003, this Court held a hearing.

At the hearing, counsel for Ms. Williams stated that she has yet to file a lawsuit in this matter. He further stated that an insurance company has made an offer of settlement in the amount of $25,000, but Ms. Williams has not accepted it. Ms. Williams has been reimbursed by the Government Employees Insurance Company (GEICO) for her property damage. Ms. Williams stated that she still suffers from the effects of her injuries. Counsel for Ms. Williams stated that there is no hospital lien on any potential recovery because she was treated only as an outpatient. Counsel also stated that any lawsuit filed will not include a claim for lost wages, only for personal injuries and medical expenses.

On March 13, 2003, Ms. Williams received a discharge of all debts scheduled on her bankruptcy schedules.

## DISCUSSION

▮ In Missouri, at this time, unliquidated, unassignable claims are exempt from the claims of creditors.[1] I find, therefore, that Ms. Williams is entitled to claim her potential lawsuit exempt from the claims of creditors, and I will enter an Order in accordance with that finding. I begin with a conclusion here, because a line of cases beginning with *Hearne et al. v. Keath et al.*,[2] have held that the subject of a garnishment must be certain and not contingent. As the court stated in *In re Mitchell,* "this general non-assignability, non-subrogation rule supports the desirability of leaving a cause of action with the original claimant."[3] I confess, however, that I am not comfortable with the conclusion I feel compelled to draw here. For that reason, I begin with a history of this common law doctrine, and I invite the Missouri Legislature to address this issue with legislation that may more thoroughly express its intent.

The doctrine that exempts unliquidated claims for personal injury from the claims of creditors begins with *Hearne et al. v. Keath et al.* In that case Hearne agreed to act as surety for a debt in the amount of $1500 incurred by Keath. Keath was unable to pay the note when it came due on July 1, 1873, and Hearne began negotiating with the noteholder for a new note in his name. On July 20, 1873, before completing the negotiation with the noteholder, Hearne brought suit against Keath on the debt. The trial court found for Hearne. The Supreme Court reversed and remanded, holding that a surety can only seek to recover what he has paid to extinguish a debt after he has paid the debt for which he is security.[4] The court held that Keath's liability to Hearne was fixed only after Hearne completed all of the arrangements between himself and the noteholder. And since that had not happened when the lawsuit was filed, the lawsuit should have been dismissed. The court also stated that "a debt for which an attachment may issue must possess an actual character and not be merely possible, and dependent upon a contingency which may never happen."[5] Note that the case from which this body of law evolves did not deal with exemptions.

The next significant case in this line is *Travelers Indemnity Company v. Chumbley.*[6] In this case, an unoccupied car owned by Losinsky began to move and Chumbley tried to stop it. In the process the car rolled over Chumbley's leg, which had to be amputated. Travelers, as Chumbley's insurer, paid the policy limit of $500.00 for Chumbley's medical expenses. The policy had a subrogation clause. Chumbley sued Losinsky and they entered into a settlement. Chumbley refused to acknowledge the subrogation clause, and failed to pay Travelers from the settlement. Travelers then sued Chumbley and Losinsky. The court held first that Travelers could proceed against Losinsky, but not Chumbley, since the insurer must look to the tortfeasor for reimbursement of costs, not the insured.[7] The court then found that Travelers could not split the cause of action and seek recovery from Losinsky for the medical and hospital ex-

---

1. *Scarlett v. Barnes (In re Scarlett),* 121 B.R. 578, 580 (W.D.Mo.1990); *In re Mitchell,* 73 B.R. 93, 95 (Bankr.E.D.Mo.1987) *affirmed* 855 F.2d 859 (8th Cir.1988).

2. 63 Mo. 84, 89 (1876).

3. 73 B.R. at 95.

4. 63 Mo. at 89.

5. *Id.*

6. 394 S.W.2d 418 (Mo.Ct.App.1965).

7. *Id.* at 421.

penses it had paid, because all damages that flow from a personal injury are a single element of the tort.[8] Finally, the court dismissed the suit against Losinsky, holding that in Missouri causes of action for personal injury are nonassignable.[9] The court stated as follows:

> Unless otherwise provided by statute, it is everywhere conceded that a mere claim of damages for a personal tort is, at law unassignable. It is only when such claim becomes merged in a judgment, establishing the right to a definite amount that it can be the subject of legal sale and transfer.[10]

Missouri appellate courts reaffirmed the nonassignability of contingent personal injury claims in *Forsthove v. Hardware Dealers Mutual Fire Insurance Company*.[11] There, Hardware Dealers Mutual insured a car owned by Marks that was involved in an accident in which Marks' wife died of injuries. The policy contained a medical expenses provision, including funeral expenses. It also contained a subrogation clause that provided Hardware Dealers Mutual with the right to proceed against any third party causing the injuries or death. Hardware Dealers Mutual paid Marks $1500 and demanded that he execute a written assignment and subrogation receipt. Marks refused to do so. Marks then filed a lawsuit against Forsthove and Carney, the tortfeasors. He entered into a settlement with the tortfeasors insurer, whereby it agreed to pay him the sum of $19,500. Hardware Dealers Mutual filed a lien notice upon the tortfeasors and the insurer, who filed a bill of interpleader.[12] Hardware Dealers Mutual filed a cross-claim to enforce its subrogation clause. Marks filed a motion to dismiss claiming that any attempt to assign a cause of action for personal injuries is void, therefore, Hardware Dealers Mutual failed to state a claim for which relief could be granted. The court found that a cause of action for personal injuries cannot be assigned prior to judgment for public policy reasons.[13] The court went on to imply that subrogation clauses in these policies are invalid. It stated that "Marks paid a premium for this policy and under the circumstances was entitled to the funeral expense payment, regardless of what future action he may have taken in bringing suit against the tortfeasors."[14]

There are three other cases in this series. In *Chuning v. Calvert*,[15] a fireman was injured by an automobile while responding to a fire. During his recovery, the city paid his salary and his medical expenses. The fireman then brought a lawsuit against the driver of the other car. The city intervened. A jury entered judgment for the city in the amount of $459.08,

---

8. *Id.* at 422.

9. *Id.* at 423 n. 12 (citations omitted).

10. 94 S.W.2d at 1094 (citing *Kramer v. Laspe*, 94 S.W.2d 1090 (Mo.Ct.App.1936) and *Schubert v. Herzberg*, 65 Mo.App. 578 (Mo.Ct.App. 1896)). I note that the statute referred to, R.S.1929, § 698, is now Mo. Stat. Ann. § 400.7–403 (1994). That statute deals with the obligation of a warehouseman or carrier to deliver and, at the time it was cited in *Kramer v. Laspe*, stood for the premise that when a consignor had been paid in full by a consignee for goods shipped by the railroad, the consignee was the "real party in interest," so as to be entitled to maintain an action against the railroad for loss of goods during shipment.

11. 416 S.W.2d 208 (Mo.Ct.App.1967).

12. *Id.* at 210.

13. *Id.* at 217.

14. *Id.* at 220.

15. 452 S.W.2d 580 (Mo.Ct.App.1970).

but found no damages for the fireman.[16] The court of appeals said the trial court had no jurisdiction to allow the city to intervene in the lawsuit because the "Intervener's Petition for Damages failed to state a claim for which relief could be granted."[17] The court explained that any items of damage that flowed from a personal injury were all components of a single element of a personal tort. As such, a "single wrongful act gives rise to a single right of action for its recovery, although numerous items of damage may have been suffered."[18] The legal effect of an order allowing the city to intervene for its costs for wages and medical expenses was, in essence, to split a cause of action and give validity to an assignment of a portion of a cause of action for personal injury.[19]

In *State of Missouri Government Employees Insurance Company v. Lasky*,[20] the issue was whether the contractual obligation of the defendant's liability insurer to defend and indemnify the defendant is a debt owing to defendant and subject to attachment. In this case, a Missouri resident brought suit in Missouri against defendant from Rhode Island for injuries she incurred in an automobile accident that occurred in Rhode Island. As part of the lawsuit, plaintiff caused an attachment and summons to issue as to any property defendant held in Missouri, and a summons to GEICO, defendant's insurer. GEICO was authorized to do business in Missouri. The policy obligated GEICO to defend the insured and indemnify him against any judgment brought against him. Defendant filed a motion to quash the summons as to

GEICO. The court ultimately held that in order for a debt to be the subject of a garnishment it must be certain and not contingent.[21] The court, therefore, found that neither of GEICO's contractual obligations were an attachable debt. The ruling caused the summons to be quashed.[22]

In *Lading v. Sawtelle*,[23] a Kansas insurer sought to intervene in a personal injury lawsuit filed in Missouri and assert a subrogation claim for payments made. Lading was injured in an automobile accident when the car she was driving in Missouri was hit by a car driven by Sawtelle. Lading lived in Kansas and Farm Bureau Mutual had issued an insurance policy on her car. Under the policy, Farm Bureau Mutual was obligated to pay medical expenses, lost wages, and essential services, which it did. In exchange, the insurance policy provided that Farm Bureau Mutual would be subrogated to the extent Lading received any recovery from the tortfeasor or her insurer, would have a lien against any judgment, and would have the right to intervene in any action to protect that lien. The trial court denied Farm Bureau's Mutual's motion to intervene.[24] On appeal Farm Bureau Mutual argued that its rights could only be protected if it was allowed to intervene, because Lading refused to recognize its subrogation rights. The court of appeals agreed that under Kansas law, Farm Bureau Mutual could assert a subrogation right. In Missouri, however, the court found that the right to assert a lien obtained by virtue of a subro-

16. *Id.* at 582.

17. *Id.* at 583.

18. *Id.* at 583.

19. *Id.*

20. 454 S.W.2d 942 (Mo.Ct.App.1970).

21. *Id.* at 950.

22. *Id.*

23. 720 S.W.2d 416 (Mo.Ct.App.1986).

24. *Id.* at 417.

gation right did not mature until judgment was entered.[25] The court went on to state that the provision in the policy giving Farm Bureau Mutual the right to intervene is, in essence, an assignment of a cause of action for personal injuries, and such assignment before judgment is not recognized in Missouri.[26]

None of these cases cited so far deal with exemptions or bankruptcy, so I turn now to their application in that context. The Bankruptcy Act of 1898 codified the prevailing common law and provided that property that could not be transferred or levied upon was not property of the bankruptcy estate.[27] But, section 541 of the Bankruptcy Code, which was enacted in 1978, redefined property of the estate.[28] Section 541 provides that the bankruptcy estate is comprised of all property in which the debtor had a legal or equitable interest as of the commencement of the case.[29] In *Mitchell*, the bankruptcy court held that a debtor's pending personal injury lawsuit is property of the bankruptcy estate.[30] The court next held that Missouri opted out of the federal exemption scheme as provided by section 522(d) of the Code and section 513.427 of Missouri Revised Statutes.[31] Thus, the court turned to Missouri law to determine if there was a basis for exempting the pending personal injury lawsuit.[32] Finding no specific exemption for personal injuries, either liquidated or unliquidated, under section 513.430, where specific exemptions are enumerated, the bankruptcy court held that the list is not exclusive. Relying on the language of section 513.427, which states that a debtor may exempt property of the estate that is "exempt from attachment and execution under the law of the State of Missouri," the court relied upon the cases cited above for the premise that unliquidated claims are not attachable.[33]

In *Scarlett v. Barnes*,[34] the court both extended and narrowed the holding in *Mitchell*. In *Scarlett*, a debtor claimed an exemption in a pending legal malpractice lawsuit.[35] The court found that unliquidated claims for property damage are subject to a creditor's bill, because such claims can be assigned, while unliquidated claims arising out of a personal injury tort cannot be assigned and are not subject to a creditor's bill.[36] The court, therefore, clarified, that only unliquidated claims that cannot be assigned are exempt.[37] The trustee then argued that a claim for legal malpractice was more akin to a property tort, not a personal injury tort. The court disagreed. It held that torts for personal injuries include wrongs done to the person, the reputation, or the feelings of the injured party, and that a legal malpractice claim could include such injuries.[38] Therefore,

---

25. *Id.* at 418.

26. *Id.*

27. *In re Graham*, 726 F.2d 1268, 1271 (8th Cir.1984).

28. *In re Mitchell*, 73 B.R. 93, 94 (Bankr. E.D.Mo.1987).

29. 11 U.S.C. § 541(a)(1).

30. 73 B.R. at 94.

31. *Id.*

32. *Id.*

33. *Id.* at 95.

34. 121 B.R. 578 (W.D.Mo.1990).

35. *Id.* at 581.

36. *Id.* at 580.

37. *Id.*

38. *Id.* at 582.

the court allowed the debtor to claim the cause of action as exempt.

The next significant bankruptcy case was *In re Shahzad*.[39] In *Shahzad*, when debtor filed his bankruptcy petition he claimed as exempt a lawsuit he had pending in state court for conversion and breach of fiduciary duty arising out of defendant's honoring a check with his forged signature. In the lawsuit he sought actual and punitive damages for the amount converted, but he also sought damages for harm to his credit reputation, the humiliation and embarrassment he suffered, and the emotional and mental anguish he sustained.[40] The trustee objected to the claim of exemption arguing that any damage was property damage, not personal injury. The bankruptcy court, in essence, split the baby. It held that the damages Mr. Shahzad sought for damage to his credit reputation or harm suffered through humiliation and embarrassment were personal, therefore, nonassignable, therefore, exempt. The damages he sought for conversion were not personal, therefore assignable, therefore not exempt.[41]

The bankruptcy courts in Missouri have applied the reasoning of *Mitchell*, *Scarlett*, and *Shahzad* in cases arising out of personal injury torts.[42] Thus, in *Kininson* and *Barnes*, the court found that debtors' claims for sexual harassment, or retaliatory discharge, were exempt to the extent they sought damages for personal injury, but were not exempt to the extent they sought lost postpetition income, or punitive damages. Based on that logic, the trustee

here claims that any damages arising out of medical expenses incurred by Ms. Williams represent damages to her property, and should not be exempt. The trustee concedes that damages for pain and suffering arise from her personal injuries, and can be claimed as exempt.

The problem with the trustee's argument is that it would result in the splitting of the element of damages that must be proved in order to maintain a cause of action for personal injury, with a portion of the damages claimed as exempt and a portion not. That is expressly prohibited by Missouri case law.[43] For that reason the court found in *Scarlett v. Barnes* that unliquidated claims arising out of a personal injury tort are not assignable, and, therefore, are exempt.

Unlike Missouri, several other states have addressed this issue squarely with legislation that provides for, and caps, the recovery debtors might claim as exempt for personal injuries, either liquidated or unliquidated. The State of Georgia allows a debtor to exempt:

(D) A payment, not to exceed $10,000.00 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of debtor or an individual of the debtor is dependent; or

(E) A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor

---

39. 147 B.R. 34 (Bankr.E.D.Mo.1992).

40. *Id.* at 35.

41. *Id.* at 37.

42. *See, e.g., In re Brooks*, 227 B.R. 891 (Bankr.W.D.Mo.1998); *In re Kininson*, 177

B.R. 632 (Bankr.E.D.Mo.1995); *In re Barnes*, 177 B.R. 635 (Bankr.E.D.Mo.1995);

43. *See Chuning v. Calvert*, 452 S.W.2d 580, 583 (Mo.Ct.App.1970); *Travelers Indemnity Co. v. Chumbley*, 394 S.W.2d 418, 422 (Mo.Ct. App.1965).

and any dependent of the debtor.[44]

In Oregon, debtors can exempt:

(k) The debtor's right to receive, or property that is traceable to, a payment or payments, not to exceed a total of $10,000, on account of personal bodily injury of the debtor or an individual of whom the debtor is dependent.

(l) The debtor's right to receive, or property that is traceable to, a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.[45]

Ohio limits the exemption as follows:

(c) Except in cases in which the person who receives the payment is an inmate, ... a payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent;

(d) A payment in compensation for loss of future earnings of the person or an individual of whom the person is or was a dependent, to the extent reasonably necessary for the support of the debtor and any of the debtor's dependents.[46]

In California personal injury causes of action are exempt by statute:

(a) Except as provided in Article 5 (commencing with Section 708.410) of Chapter 6, a cause of action for personal injury is exempt without making a claim.

(b) Except as provided in subdivisions (c) and (d), an award of damages or a settlement arising out of personal injury is exempt to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor.

(c) Subdivision (b) does not apply if the judgment creditor is a provider of health care whose claim is based on the providing of health care for the personal injury for which the award or settlement was made.

(d) Where an award of damages or a settlement arising out of personal injury is payable periodically, the amount of such periodic payment that may be applied to the satisfaction of a money judgment is the amount that may be withheld from a like amount of earnings under Chapter 5 (commencing with Section 706.010) (Wage Garnishment Law).[47]

Minnesota, likewise, exempts, without limitation, causes of action for personal injuries:

The property mentioned in this section is not liable to attachment, garnishment, or sale on any final process, issued from any court.

.     .     .     .     .

Rights of action for injuries to the person of the debtor or of a relative whether or not resulting in death.[48]

The State of Tennessee offers some clarity by providing debtors an exemption for liquidated personal injury lawsuits:

(2) The debtor's right not to exceed in the aggregate fifteen thousand dollars

---

44. Ga.Code Ann. § 44–13–100(a)(11)(D) and (E) (2002).

45. Or.Rev.Stat. § 23.160(1)(k) and (1) (2001).

46. Ohio Rev.Code Ann. § 2329.66(A)(12)(c) and (d) (West 2002).

47. Ca. Civ. Pro § 704.140 (West 2003).

48. Minn.Stat. § 550.37.1(22) (West 2002).

($15,000) to receive or property that is traceable to:

. . . . .

(B) A payment, not to exceed seven thousand five hundred dollars ($7,500) on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(C) A payment not to exceed ten thousand dollars ($10,000) on account of the wrongful death of an individual of whom the debtor was a dependent;

(3) A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.[49]

This is not a complete survey of every state's approach to this issue. It is intended only to demonstrate that other legislatures have chosen to codify the common law in this area to provide both consistency and clarity. Since the availability of exemptions is a public policy question, it should be the legislature, and not the courts, that has the final word. In the meantime, more than a century of case law holds that either pending or potential causes of action arising out of a personal injury tort are exempt in their entirety.[50] If the claim is liquidated prior to the filing of a bankruptcy case, the proceeds are available, to the extent not otherwise exempt, to satisfy the claims of all creditors.[51]

An Order in accordance with this Memorandum Opinion will be entered this date.

---

**49.** Tenn.Code Ann. § 26–2–111(2)(B) and (C) and (3) (2002).

**50.** *Compare with In re Brooks,* 227 B.R. 891, 894 (Bankr.W.D.Mo.1998) (in which this Court found that, "to the extent Mr. or Mrs. Brooks have a valid cause of action against the Brooks Defendants, *all or part* of the pro-

ceeds of any judgment in their favor is exempt") (emphasis added).

**51.** *See In re Searcy,* 193 B.R. 895, 896–97 (Bankr.W.D.Mo.1996) (holding that proceeds of a personal injury settlement are not exempt under Missouri law).