Richard **BELL**, et al., Appellants,

v.

**MID–CENTURY INSURANCE COMPANY, a Corporation,** Respondent.

No. WD 39824.

Missouri Court of Appeals, Western District.

May 24, 1988.

Richard Bell, Walter O'Toole, Kansas City, for appellants.

Lance W. Lefevre, Kansas City, for respondent.

Before KENNEDY, C.J., and SHANGLER and BERREY, JJ.

KENNEDY, Chief Judge.

Appellant Tracy Jenkins was injured in a Missouri automobile accident on July 1, 1985. He asserted against the driver of the other car a claim for personal injuries, which claim was settled for an amount in excess of $5,000. Five thousand dollars of

the proceeds of the settlement is being claimed by Mid–Century Insurance Company and is being held in escrow by appellant's attorney, pending the outcome of the present declaratory judgment action to determine Mid–Century's claim.

Mr. Jenkins, a Kansas resident, was at the time of the accident the holder of a Kansas automobile insurance policy issued by respondent Mid–Century. Under the terms of such policy—mandated by the Kansas Automobile Injury Reparations Act, Kan.Stat.Ann. 40–3101 to 40–3121 (Supp.1975)—respondent Mid–Century paid to Jenkins the sum of $5,000 for "disability benefits, funeral benefits, medical benefits, rehabilitation benefits, substitution benefits and survivors benefits". Kan.Stat. Ann. 40–3103(q). These benefits are called "personal injury protection benefits". Mid–Century, having paid such benefits, asserted a lien upon $5,000 of the proceeds of the settlement mentioned above. Jenkins instituted this declaratory judgment action to determine whether Mid–Century was entitled thereto.

The trial court sustained Mid–Century's claim thereto and Jenkins has appealed to this court.

Mid–Century's claim of lien is based upon Kan.Stat.Ann. 40–3113a.(b), which reads in part as follows:

> In the event of recovery from such tortfeasor by the injured person ... by judgment, settlement or otherwise, the insurer ... shall be subrogated to the extent of duplicative personal injury protection benefits provided to date of such recovery and shall have a lien therefor against such recovery....

Jenkins answers, however, that the foregoing statute does not apply to his claim for injuries occurring in a Missouri acci-

dent. This argument he bases upon a paragraph of Kan.Stat.Ann. 40–3113a.(a) which immediately precedes the portion quoted above. That paragraph reads as follows:

> When the injury for which personal injury protection benefits are payable under this act are *caused under circumstances creating a legal liability against a tortfeasor pursuant to KSA 40–3117*, the injured person ... shall have the right to pursue his, her or their remedy by proper action in a court of competent jurisdiction against such tortfeasor. (Emphasis added).

Appellant highlights the language "caused under circumstances creating a legal liability against a tortfeasor pursuant to KSA 40–3117", which we have underlined above. He then proceeds to argue that, since the liability of the driver of the other car in the automobile accident was not "creat(ed) ... pursuant to KSA 40–3117," that none of Kan.Stat.Ann. 40–3113a applies to this case, including that part which purports to give Mid–Century its right of subrogation.

We are unable to agree with appellant's interpretation of Kan.Stat.Ann. 40–3113a.(b). To limit that section of the statute as appellant would have us do would effectively negate the statute. If the insurance company's right of subrogation for duplicative benefits applied only to cases in which the tortfeasor's liability was "created ... pursuant to KSA 40–3117" then it would apply to no cases at all, even Kansas cases, for Kan.Stat.Ann. 40–3117 does not *create liability* in any case. It only recognizes and acknowledges tort liability in automobile cases, then denies recovery for non-pecuniary losses except in certain described cases.[1] *See Mayer v. Harris*, 224 Kan. 231, 579 P.2d 715 (1978).

---

1. Kan.Stat.Ann. 40–3117 (Supp.1975) reads in part as follows: **Tort Actions; conditions precedent to recovery of damages for pain and suffering.** In any action for tort brought against the owner, operator or occupant of a motor vehicle or against any person legally responsible for the acts or omissions of such owner, operator or occupant, a plaintiff may recover damages in tort for pain, suffering, mental anguish, inconvenience and other non-pecuniary loss because of injury only in the event the injury requires medical treatment of a kind described in this act as medical benefits, having a reasonable value of five hundred dollars ($500) or more, or the injury consists in whole or in part of permanent disfigurement, a fracture to a weight-bearing bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of a bodily function or death....

To deny the insurance company its subrogation rights in cases where the tortfeasor's liability is not "created" by Kan. Stat.Ann. 40–3117 would be inconsistent with the scheme of the Kansas Automobile Injury Reparations Act. That act makes mandatory for Kansas motorists the maintenance of an insurance policy conforming to the requirements of the act. Kan.Stat.Ann. 40–3104 (Supp.1975). It provides for payment under the insurance policy to the insured of certain benefits called "personal injury protection benefits" which includes "disability benefits, funeral benefits, medical benefits, rehabilitation benefits, substitution benefits, and survivors benefits", Kan.Stat.Ann. 40–3103(q) (Supp.1975). It is an integral part of the scheme that the insured, who has received such benefits from his insurance company under the insurance policy, is not entitled to retain in addition thereto the sum which he may receive from the tortfeasor for the same losses. The insurance company is entitled to subrogation "to the extent of duplicative personal injury protection benefits". Kan. Stat.Ann. 40–3113a.(b) (Supp.1975). Read in pari materia with the balance of the act, *see Easom v. Farmers Ins. Co., Inc.,* 221 Kan. 415, 560 P.2d 117 (1977), we cannot believe that it was the intention of the Legislature in the use in 40–3113a(a) of the word "creating" a legal liability to give that word its literal meaning. Interpreting the phrase literally would produce an absurd result, which the Legislature is strongly presumed not to have intended. *See Fleming Co. v. McDonald,* 212 Kan. 11, 509 P.2d 1162, 1167 (1973).

Judgment affirmed.

All concur.