Robert L. WAYE, Jr., Respondent,

v.

**BANKERS MULTIPLE LINE INSURANCE CO., Appellant.**

No. WD 43074.

Missouri Court of Appeals,
Western District.

Oct. 9, 1990.

James W. Humphrey, Jr., Kansas City, for appellant.

Byron G. Stewart, Independence, for respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

Appeal from a judgment of the circuit court sustaining respondent's, Robert L. Waye, motion for summary judgment. Affirmed.

On June 1, 1988, appellant, Bankers Multiple Line Insurance Company (Bankers) issued a group hospital/surgical and medical insurance policy to Waye which provided coverage for him and for his dependents, including his step-daughter Teresa. On September 1, 1988, Teresa was involved in an automobile accident in which she sustained serious bodily injuries, including a broken neck which has left her partially paralyzed on her right side. Teresa filed a claim for benefits which Bankers began to pay.

Thereafter, by letter dated April 18, 1989, Bankers demanded that Waye sign a Reimbursement Agreement[1] as a condition precedent for further payment of Teresa's medical claims. Bankers submitted this Reimbursement Agreement relying on an exclusion under Part I of the policy which provides:

Under Part I of the policy, we won't cover expenses for:

. . . .

(11) Charges payable (by judgment, settlement or in any other way) by any third party considered responsible for the sick-

---

1.     REIMBURSEMENT AGREEMENT

I, Robert L. Waye, as custodian or guardian of Teresa Hutchinson, hereby certify that I have received no payment of any kind, including no fault insurance, from a third party, his insurer or any other carrier, in connection with medical expenses incurred as a result of injuries to my daughter, Teresa Hutchinson, sustained on or about September 1, 1988.

In consideration of BANKERS MULTIPLE LINE INSURANCE COMPANY paying benefits under the above policy, I agree to reimburse BANKERS MULTIPLE LINE INSURANCE COMPANY out of any monies I or my family receive from any judgment, settlement or payment from another insurer or other party as a result of this accident.

I do also authorize BANKERS MULTIPLE LINE INSURANCE COMPANY to obtain any information or documents from any party and to give all parties a notice of this Right of Reimbursement in the amount of the Company's payment.

ness or injury causing the charge. This includes payments made by a third party's insurer. But, we'll cover such charges if:

a. Payment by the third party (or insurer) hasn't been made; and

b. The family member (or, if incapable, his or her legal representative) agrees in writing to pay us back out of any third party payments, for charges we've paid.

Waye refused to sign the reimbursement agreement and filed suit on May 25, 1989, against Bankers. Both parties filed motions for summary judgment. Bankers' motion for summary judgment was overruled but Waye's motion was sustained, the court finding that, "exception number 11 ... which purportedly requires the Plaintiff to execute a Reimbursement Agreement as a condition precedent to Defendant's payment of claims, is void as against the public policy of the State of Missouri under the common law of this State." This appeal followed.

On appeal, Bankers claims that the trial court erred in sustaining Waye's motion for summary judgment wherein it refused to enforce the policy provision for reimbursement from Waye from any recovery against tortfeasors. Bankers asserts that the trial court should have sustained its motion for summary judgment, ruling such provision to be an enforceable assignment.

Missouri law is quite clear "that an insurer may not acquire part of the insured's rights against a tort feasor (other than an uninsured motorist) by reason of payment of medical expense, *either by assignment or by subrogation.*" *Jones v. Aetna Casualty & Sur. Co.*, 497 S.W.2d 809, 812 (Mo. App.1973). In *Jones* the insured made a claim for payment of her medical expenses under a policy of automobile insurance. *Id.* at 810. The insurer tried to get the insured to sign an agreement to reimburse the company for any payments made upon collection of damages, a situation not unlike that of the instant case. *Id.* The court in *Jones* held that such clauses for reimbursement were invalid because (1) they amount to an assignment of a cause of action for personal injuries which is non-assignable and (2) they are against public policy. *Id.* at 812. So too is the clause at issue here.

Appellant attempts to distinguish that line of cases holding such clauses invalid by pointing out that these cases dealt with medical payments under an automobile insurance policy while the policy in the instant case is a medical and hospitalization policy. The distinction is inapposite. Indeed, on that very subject the court in *Travelers Indem. Co. v. Chumbley*, 394 S.W.2d 418, 424 (Mo.App.1965), drew an analogy between automobile insurers and all insurers:

If *some* automobile insurers making the subrogation "condition" in their policies applicable to medical payments coverage were to obtain judicial approval thereof, no doubt *all* such insurers would, in due course, similarly condition their policies. And, if *automobile insurers* were to insist upon subrogation as to medical payments coverage, *others* affording coverage against all or some of the same expenses logically would be justified in insisting upon subrogation and reasonably might be expected so to "condition" their coverages.

*Id.* at 424. The court's disapproval of such policy provisions is clearly not limited to those of automobile insurers but includes *all* such insurers. Appellant certainly fits within this group.

The cases cited by appellant are also inapposite. *Bell v. Mid–Century Ins. Co.*, 750 S.W.2d 708 (Mo.App.1988), dealt with a Missouri court's interpretation of the enforceability of the subrogation provision of a *Kansas* statute. *Kroeker v. State Farm Mut. Auto. Ins. Co.*, 466 S.W.2d 105 (Mo. App.1971), involved the interpretation of Missouri's uninsured motorist statute which specifically provides for subrogation. *See* § 379.203, RSMo (1986). There is no such exception applicable to the instant case. Appellant also cites to several cases from foreign jurisdictions, notably *Kusserow v. Blue Cross–Blue Shield Plan*, 140 Vt. 328, 437 A.2d 1114 (1981)); *Associated Hospital Service v. Pustilnik*, 497 Pa. 221,

439 A.2d 1149 (1981), and *Hagerman v. Mutual Hospital Ins., Inc.*, 175 Ind.App. 293, 371 N.E.2d 394 (1978). Examination of these authorities are not persuasive. As the court in *Forsthove v. Hardware Dealers Mut. Fire Ins. Co.*, 416 S.W.2d 208 (Mo.App.1967), noted when addressing the issue of foreign authorities being cited in a subrogation case, "We need not comment on the cases of these other jurisdictions which have adopted a rule contrary to ours because we feel bound to follow the reasoning and rule announced in the Chumbley case...." *Id.* at 212. Missouri law quite clearly contradicts the position taken in these foreign cases. This court is bound to follow that law. Accordingly, the judgment of the trial court was correct and is affirmed.

Respondent asks this court to assess damages for frivolous appeal. After consideration of the matter, this we decline to do.

Judgment affirmed.