**James GILMORE and Sondra Zinn, Respondents,**

v.

**Julie ATTEBERY, Appellant.**

**No. WD 50069.**

Missouri Court of Appeals, Western District.

June 6, 1995.

Robert O. Jester, Sharon Kennedy, Kansas City, for appellant.

Karl Kuckelman, Kansas City, for respondents.

Before FENNER, C.J., P.J., and BERREY and ULRICH, JJ.

BERREY, Judge.

Appellant Julie Attebery appeals the trial court's grant of summary judgment in favor of respondents. The facts of the case are not in dispute and were stipulated by the parties. As the trial court indicates, the pivotal question is whether Missouri or Kansas substantive law governs an automobile accident occurring in Missouri and involving an Illinois defendant and Kansas plaintiffs.

On July 20, 1991, appellant and respondents James Gilmore and Sondra Zinn were involved in a motor vehicle accident in Osage Beach, Camden County, Missouri. Appellant's vehicle struck the rear of a vehicle driven by Gilmore and in which Zinn was a passenger. Gilmore and Zinn received injuries and incurred medical costs and/or lost wages of $751.26 and $4,006.74, respectively. These amounts were paid to Gilmore and Zinn under Gilmore's Kansas automobile insurance policy of personal injury protection coverage (PIP) issued by State Farm Mutual Automobile Insurance Company.

Appellant admits fault for the accident and has no affirmative defenses. At the time of the accident, appellant was insured by Springfield Fire and Casualty Company. Springfield Fire and Casualty, through its adjustment company, General Adjustment Bureau (GAB), investigated and adjusted Gilmore and Zinn's claims.

On August 23, 1991, State Farm notified appellant's insurer, Springfield Fire and Casualty, that it was making a subrogation claim for moneys it paid under its PIP coverage to or on behalf of Gilmore. On October 4, 1991, State Farm notified Springfield Fire and Casualty's adjustment company, GAB, that it was making a subrogation claim for moneys it paid under its PIP coverage to or on behalf of Zinn.

On December 20, 1991, Gilmore gave a release to appellant in consideration of $1,250.00 paid by appellant's insurer, Springfield Fire and Casualty. On February 16, 1992, Zinn gave a release to appellant in consideration of $5,000.00 paid by appellant's insurer, Springfield Fire and Casualty. The sufficiency of the release considerations is not contested.

In March 1993, the present action was filed in the names of Gilmore and Zinn; State Farm seeks reimbursement from appellant of the sums paid on behalf of Gilmore and Zinn under its PIP coverage and pursuant to K.S.A. § 40–3113a.

Gilmore and Zinn were residents of Kansas on the date of the accident, and Gilmore had contracted with State Farm for his Kan-

sas policy of automobile insurance. Appellant was a resident of Illinois on the date of the accident and maintained automobile insurance through Springfield Fire and Casualty of Springfield, Illinois. Springfield Fire and Casualty is not registered, nor does it have agents, in either Kansas or Missouri.

The parties each filed motions for summary judgment. Appellant's motion contended that the releases given by Gilmore and Zinn operate as a bar to State Farm's reimbursement efforts and that the Kansas PIP statute cannot be enforced in a Missouri court against an Illinois defendant who had no contacts at all with the state of Kansas. Gilmore and Zinn's motion alleged that appellant entered into a settlement with Gilmore and Zinn despite notice of State Farm's statutory PIP liens and therefore the releases do not bar the present action.

On September 14, 1994, the trial court held that Kansas substantive law applied. Applying Kansas law, the trial court determined that State Farm was authorized to bring a subrogation action in the names of the injured parties to enforce its PIP liens against appellant. The court therefore granted Gilmore and Zinn's motion for summary judgment and denied appellant's motion for summary judgment.

Appellant asserts the trial court erred in holding that the substantive law of Kansas, rather than the substantive law of Missouri, applies to the facts of this case. Appellant concedes that if Kansas law properly applies, then summary judgment granted to Gilmore and Zinn is proper. We are faced then with a conflict of laws.

Under Kansas' system of no-fault insurance, Kansas insurers are required to provide PIP benefits for its insureds who sustain personal injury as a result of motor vehicle accidents. K.S.A. § 40–3107, *et seq.* The insurer then has a statutory lien on any recovery its insured receives from a tortfeasor to the extent of PIP benefits provided. K.S.A. § 40–3113a(b). If an injured person does not bring a suit against the tortfeasor within 18 months of the accident, the insured is deemed to have assigned his personal injury claim to the insurer who can then bring an action against the tortfeasor in its own name

or in the name of the injured person. K.S.A. § 40–3113a(c).

■ Missouri's public policy, however, forbids the "assignment or subrogation" of personal injury claims to an insurer. *Waye v. Bankers Multiple Line Ins. Co.*, 796 S.W.2d 660, 661 (Mo.App.1990); *Travelers Indem. Co. v. Chumbley*, 394 S.W.2d 418, 423 (Mo. App.1965).

Appellant argues that Missouri law should govern and bar State Farm from asserting its subrogation claim. The trial court recognized Missouri's policy of non-assignability of personal injury claims but felt bound by the "principal location of the insured risk" rule, discussed infra, to apply Kansas substantive law.

■ On appeal from summary judgment, the issue is one of law and our review is essentially de novo. We must test the propriety of summary judgment by the same standards as those which should be employed by the trial court. *Dana Commercial Credit Corp. v. Cukjati*, 880 S.W.2d 612 (Mo.App. 1994).

Appellant's primary contention is that the trial court erred in applying the "principal location of the insured risk" rule rather than the "significant relationship" test and the "governmental interest" analysis because the principal location of the insured risk rule applies only to contract disputes. Appellant asserts that the issue here involved is not a contract dispute but whether a Kansas insurance company as assignee of its insureds who are Kansas residents can enforce a lien created under Kansas statute against an Illinois defendant in a Missouri court when it is against the public policy of Missouri to assign personal injury claims.

■ In reviewing the trial court's judgment, we must determine whether Kansas does indeed have the most significant relationship to the occurrence and the parties. The most significant relationship test was adopted by Missouri to govern tort actions in *Kennedy v. Dixon*, 439 S.W.2d 173, 180 (Mo. banc 1969). It is also the test adopted by the Restatement (Second) of Conflict of Laws (1969), and it has been extended to govern

contract actions as well. *See Hartzler v. American Family Mut. Ins. Co.*, 881 S.W.2d 653 (Mo.App.1994).

Section 145(2) of the Restatement (Second), in discussing the significant relationship test, states:

(2) Contacts to be taken into account ... to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

In this case, the injury and the conduct causing the injury occurred in Missouri. In addition, the relationship between the parties is centered in Missouri. Appellant is an Illinois resident apparently not subject to the personal jurisdiction of Kansas for purposes of the instant action. Because of conduct occurring in Missouri, State Farm seeks to enforce Kansas subrogation rights against appellant in a Missouri court.

However, Kansas' interests and contacts cannot be ignored in the analysis. Gilmore and Zinn are Kansas residents, and State Farm is bound by Kansas law to provide its Kansas insureds with PIP protection. K.S.A. § 40–3107, *et seq.* To effectuate its policy of prompt personal injury protection to Kansas residents, Kansas has enacted a comprehensive insurance scheme which grants Kansas insurers a right of assignment to the claims of its injured insureds. K.S.A. § 40–3113a. These contacts give Kansas a significant interest in this matter.

■ Thus, we must proceed to the so-called "governmental interest" analysis. Where two states have significant contacts and legitimate state interests in the choice of law, we must apply the law of the state whose interest would be more impaired if its policy were subordinated to the policy of the other state. *Hicks v. Graves Truck Lines, Inc.*, 707 S.W.2d 439, 445 (Mo.App.1986).

In *Hicks*, Missouri's fault apportionment law, rather than Kansas' modified comparative fault statute, was held applicable to an automobile accident occurring in Kansas. *Id.* After recognizing that both Missouri and Kansas had significant contacts with the parties and the accident, the court decided that Missouri's state interest would be more impaired if Kansas law were applied. *Id.* The court determined that application of Kansas law would impose economic hardship contrary to Missouri public policy while Kansas interests were not as greatly impaired by application of Missouri law. "Even though a Kansas resident may thereby be required to pay some damages, he still receives some protection in that the amount is reduced in direct proportion to the contributing fault." *Id.* The court in *Hicks* noted that the case involved Missouri claimants suing in Missouri courts. *Id.* at 444. Moreover, the court reasoned that Kansas residents become subject to the Missouri comparative fault rule only by conduct which also subjects them to the jurisdiction of Missouri courts. *Id.* at 445.

Applying the governmental interest analysis to the instant case, we conclude that Missouri's interest would be more impaired if Kansas law were applied. The purpose of Missouri's non-assignability rule is to protect a person's injuries from becoming "a commodity of sale." Personal injuries "should not be the subject of barter or trade, or a matter of profit to the creditors of the injured party." *Forsthove v. Hardware Dealers Mut. Fire Ins. Co.*, 416 S.W.2d 208, 216 (Mo.App.1967). The Kansas Automobile Injury Reparation Act, under which assignment of personal injury claims are allowed, was established to "provide a means of compensating persons promptly for accidental bodily injury arising out of the ownership, operation, maintenance or use of motor vehicles ..." K.S.A. § 40–3102. As Gilmore and Zinn were promptly compensated for their injuries, Kansas' primary concern in this matter has been met and Missouri's policy against the assignability of personal injury claims remains.

State Farm argues, however, that enforcement of its subrogation right would not im-

pair Missouri's policy because no Missouri residents are involved. While Missouri's paramount concern may be the protection of its own citizens, it also has a significant interest in applying established public policy doctrines to nonresidents who appear before Missouri courts. Unlike the situation in *Hicks, supra,* appellant in this case has done nothing to subject herself to the jurisdiction of Kansas.[1]

■ Whether Kansas may impose its view of the assignability of personal injury claims upon an Illinois resident-defendant whose acts (as well as respondents' injuries) occurred outside Kansas simply because respondents are Kansas residents presents serious constitutional problems. *See Home Ins. Co. v. Dick,* 281 U.S. 397, 408, 50 S.Ct. 338, 341, 74 L.Ed. 926 (1930). The Supreme Court of the United States has held that a plaintiff's domicile in the forum, unrelated to the cause of action, is not sufficient to permit imposition of liability under forum law. *Id.* The Missouri Court of Appeals has agreed, applying §§ 6 and 145 of the Restatement (Second) of Conflict of Laws. *Byrn v. American Universal Ins. Co.,* 548 S.W.2d 186, 189–90 (Mo.App.1977). *Home Ins. Co.* and *Byrn* involved plaintiffs domiciled in the forum seeking to impose forum law upon nonresident defendants for contracts made or accidents occurring outside the forum. In each case, the forum court was restrained from applying its own law to govern the contract or accident occurring in another jurisdiction.

In *Byrn,* an action was brought for the death of a Missouri resident as a result of an Iowa automobile accident. Judy Byrn was a Missouri resident and a passenger in a car owned and operated by Robert Anderson, an uninsured motorist and an Iowa resident. The car left the road and struck an embankment in Iowa. Ms. Byrn and Mr. Anderson died as a result. The guardians of Ms. Byrn's surviving child brought an action seeking to recover under the uninsured motorist provision of an insurance policy issued by the defendant to Ms. Byrn. The insur-

ance carrier, however, was only obligated to pay those sums that Ms. Byrn was "legally entitled to recover" from the uninsured motorist (i.e., Mr. Anderson). The court found that Iowa had the most significant relationship to the issue of Mr. Anderson's liability to Ms. Byrn and therefore Iowa's guest statute applied to bar the plaintiff's recovery. *Byrn,* 548 S.W.2d at 189. Missouri law was held inapplicable even though the plaintiff-passenger was a Missouri resident, the insurer was situated in Missouri, and the insurance contract sued on was entered into in Missouri. *Id.* at 189–90.

In the instant case, no forum residents are involved. Instead, we have a nonresident appellant seeking the application of our laws to govern an accident occurring within our jurisdiction. The nonresident respondents, however, seek to impose the law of Kansas, their place of residence. Although factually distinguishable, we believe *Byrn, supra,* provides guidance. That is, the law of Kansas, respondents' place of residence, cannot impose liability in this case where that state is primarily unrelated to the cause of action.

Appellant's liability to respondents Gilmore and Zinn arose from an accident occurring in Missouri. Missouri provides the only connecting activity between the parties. Appellant is not a Kansas resident and was not a party to the Kansas contract between State Farm and Gilmore. Missouri's interest in having its policy applied to the potential assignability of Gilmore and Zinn's personal injury claims therefore overrides any Kansas interest in the determination of this issue.

Kansas' interests, on the other hand, will not be significantly impaired if Missouri law is applied to the facts of this case. As noted, Gilmore and Zinn were promptly compensated for their injuries. Furthermore, K.S.A. § 40–3113a(b) creates a statutory lien *on any recovery the insured receives* from a tortfeasor. (emphasis added). State Farm can proceed against Gilmore, its insured, in a Kansas court to collect on its subrogation rights. Gilmore, after all, agreed to such subrogation and yet settled with appellant

---

1. Like Missouri, Illinois maintains a well-established rule forbidding the assignment of personal injury claims. *Claudy v. Commonwealth Edison Co.,* 255 Ill.App.3d 714, 193 Ill.Dec. 537, 626 N.E.2d 1088, 1092 (1993).

without protecting State Farm's contract rights. Gilmore is a resident of Kansas and amenable to suit in Kansas.

State Farm answers that appellant's settlements with Gilmore and Zinn are subject to its subrogation claim because appellant was on notice of State Farm's subrogation claim yet settled without its consent. In support, State Farm cites *Farm Bureau Mut. Ins. Co. v. Anderson*, 360 S.W.2d 314 (Mo.App.1962), and *Travelers Indem. Co. v. Chumbley*, 394 S.W.2d 418 (Mo.App.1965). Those cases note:

> [I]f a third party tort-feasor, with knowledge of an insurer's right of action as subrogee, and without the consent of the insurer, settles with the insured, the insurer's right to proceed against such tort-feasor is not affected. In such case, the primary wrongdoer, and not the insured, *should* repay the insurer.

*Chumbley*, 394 S.W.2d at 421 (emphasis added). However, the right of subrogation must first be sanctioned by Missouri law. *Farm Bureau* involved the assignment of a property damage claim which Missouri permits, and *Chumbley* directly refutes State Farm's position. *Chumbley* held that an insured's purported assignment to his insurer of a right to recover for medical expenses incurred as a result of automobile accident was invalid and could not serve as a basis of recovery by the insurer against the offending driver who had settled all rights of the insured *with notice of the insurer's alleged right of subrogation. Id.* at 423–24 (emphasis added).

 Having decided that Missouri has a more significant interest to protect than Kansas under traditional conflict of laws rules, we must now consider whether a special rule alters our decision. One such rule is the principal location of the insured risk. In an action *between the parties to an insurance contract*, the principal location of the insured risk is the most important contact to be considered in determining the applicable law. *Hartzler v. American Family Mut. Ins. Co.*, 881 S.W.2d 653, 655 (Mo.App.1994) (emphasis added); Restatement (Second) of Conflict of Laws § 193 (1969). The trial court below explicitly relied upon this rule in reaching its decision. Essentially, the trial court said

that but for the *Hartzler* decision, it would have applied the non-assignability rule announced in *Chumbley, supra*, and held for appellant.

In *Hartzler*, the insureds brought suit against their insurer to recover underinsured motorist benefits in connection with an accident that occurred in Missouri. All of the parties involved in the accident were Kansas residents, and all were insured under Kansas contracts of insurance. Kansas law prohibits the stacking of uninsured and underinsured motorist coverage, K.S.A. § 40–284(d) (1986); *Markway v. State Farm Mut. Auto. Ins. Co.*, 799 S.W.2d 146, 148 (Mo.App.1990), while Missouri public policy prohibits anti-stacking provisions as to uninsured motorist coverage. Section 379.203, RSMo.Supp.1993; *Cameron Mut. Ins. Co. v. Madden*, 533 S.W.2d 538, 542 (Mo. banc 1976). At issue in *Hartzler* was whether the anti-stacking provisions of the Hartzlers' Kansas insurance policy should be enforced by a Missouri court. The court held that Kansas law should govern the contract because Kansas had the more significant relationship to the parties and the accident. The decisive factor was that the parties anticipated Kansas to be the principal location of the insured risk. *Hartzler*, 881 S.W.2d at 657.

It would appear on the surface that the instant case falls squarely within the rule announced in *Hartzler*, and the trial court so ruled. However, the instant case contains additional facts which distinguish, and effectively remove, this case from the rule in *Hartzler*. The dispute here is *not between the parties to the insurance contract*, who should certainly be bound by their mutual expectations. Rather, State Farm in the present action is seeking to bind an Illinois resident to Kansas law via a Missouri court. Gilmore and State Farm may have anticipated that Kansas would be the principal location of the insured risk, but appellant did not. Indeed, appellant has had no contact with the state of Kansas. The Hartzlers were Kansas residents who should not be surprised by the application of Kansas law to their Kansas contract of insurance. Not so as to appellant.

State Farm responds that Missouri appellate courts have recognized and enforced a Kansas insurer's statutory right to recover PIP benefits for accidents that occur in Missouri. In support of this argument, State Farm cites *Bell v. Mid–Century Ins. Co.,* 750 S.W.2d 708 (Mo.App.1988). The facts of *Bell,* however, are inapposite to the present case.

In *Bell,* Jenkins, a Kansas resident, entered into a contract of automobile insurance with Mid–Century in the state of Kansas. Jenkins was involved in an automobile accident in the state of Missouri and received personal injuries. Mid–Century paid Jenkins $5,000.00 pursuant to its PIP coverage under the policy. Jenkins subsequently filed suit against the driver of the other vehicle for his personal injuries. The claim was settled for an amount in excess of $5,000.00. Mid–Century then asserted a $5,000.00 lien against the recovery pursuant to K.S.A. § 40–3113a(b). Jenkins argued that Mid–Century's lien was invalid because the accident occurred in Missouri. The court disagreed and held that Mid–Century's lien was valid and enforceable. *Id.* at 710.

Like *Hartzler,* however, *Bell* involved a dispute *between the original parties to the insurance contract,* and the court held the parties bound by the terms of the policy even though the accident occurred in Missouri. By contrast, appellant in the instant action is not a party to the contract with State Farm but rather a third-party tortfeasor. Therefore, the reasons that support the court's holding in *Bell* are not dispositive of this case.

While Kansas rights of assignment have been enforced as to Kansas residents suing in Missouri, due process concerns prevent us from extending such comity to the facts of the case at bar. In neither *Hartzler* nor *Bell* did Missouri courts impose Kansas law upon a party not otherwise amenable to suit in Kansas. The facts of the present action do not present contacts requiring such an extension.

"[A] state may not be required to enforce in its own courts the terms of an insurance policy normally subject to the law of another state where such enforcement will conflict with the public policy of the state of the forum." *Asel v. Order of United Commercial Travelers,* 355 Mo. 658, 197 S.W.2d 639, 645 (banc 1946). While *Asel* involved Missouri residents and the instant action does not, we do not believe this distinction calls for a different result under the circumstances of this case. The matter was brought before Missouri courts because the accident connecting the parties occurred here. Appellant in the instant case was not a party to the Kansas contract upon which respondents rely. We therefore hold that the trial court erred in applying the substantive law of Kansas to the facts of this case.

The cause is reversed and remanded for entry of summary judgment in accordance with this decision.

All concur.