**TAYLOR, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendants.**

**No. 2:98 CV 672.**

United States District Court,
D. Utah,
Central Division.

Jan. 22, 2001.

Elizabeth T. Dunning, Holme Roberts & Owen LLP, David B. Watkiss, Ballard Spahr Andrews & Ingersoll, Salt Lake City, UT, Brian J. Alexander, Francis G. Fleming, Kreindler & Kreindler, New York City, for Plaintiffs.

## ORDER

STEWART, District Judge.

This matter is before the Court on the United States' motion for summary judgment.

On January 15, 1996, at approximately 6:18 am. Mountain Standard Time (MST), a Mitsubishi MU–2 twin turboprop aircraft crashed near Malad City, Idaho. The flight originated in Salt Lake City; Utah, and its intended destination was Pocatello, Idaho. All eight persons on board the airplane were killed.

Plaintiffs, the surviving spouses and personal representatives of the six passengers killed in the accident, brought these consolidated actions against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(*l*), 2671–80.

Pursuant to Federal Rule of Civil Procedure 56, the United States asserts that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Plaintiffs oppose the government's motion.

The National Weather Service (NWS) issues a wide variety of forecast products, including aviation weather advisories for domestic airspace. These advisories are prepared by NWS meteorologists employed at the Aviation Weather Center in Kansas City, Missouri.

One such weather advisory is an AIRMET (Airman's Meteorological Advisory). AIRMETs are weather forecasts. NWS policies and procedures regarding AIRMETs are set out in the National Weather Service Operations Manual, Chapter D–22, "In-flight Aviation Weather Advisories."

At 0845 UTC (Coordinated Universal Time) (1:45 a.m. MST) on January 15, 1996, an NWS meteorologist issued AIRMET Zulu (Update 1), which he had formulated. This AIRMET was valid from 0900 UTC (2:00 a.m. MST) through 1500 UTC (8:00 a.m. MST), and it forecasted the potential for occasional moderate rime icing over a large geographic area, including a substantial portion of Idaho. The accident involved in this case occurred outside of the AIRMET area during the time period it was in effect.

Plaintiffs' only claim against the government is that AIRMET Zulu (Update 1) should have covered a larger geographic

area, either at the time it was initially issued or by way of an amendment issued prior to the accident, and that the issuing meteorologist's failure to do so was negligent. The United States disputes these allegations. In addition, the government asserts in its motion that Plaintiffs' actions should be dismissed on jurisdictional grounds.

The FTCA's grant of subject matter jurisdiction is limited by certain exceptions described in 28 U.S.C. § 2680. The United States asserts that Plaintiffs challenge conduct that is exempt from tort liability by the FTCA's discretionary function exception, 28 U.S.C. § 2680(a).

The FTCA does not apply to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

■ A two-prong analysis is used in FTCA cases to determine whether the challenged governmental conduct is exempt from tort liability by the discretionary function exception. First, the court must determine whether the conduct involved an element of judgment or choice. *United States v. Gaubert,* 499 U.S. 315, 323, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). If so, the second part of the analysis requires the court to determine whether the judgment or choice at issue is based on considerations of public policy. *Id.*

In *Daigle v. Shell Oil Co.,* 972 F.2d 1527, 1538 (10th Cir.1992), the Tenth Circuit, regarding the discretionary function exception, stated:

Rather, the exception was designed to shield only discretion that is "based on considerations of public policy." Berkovitz, [(Kevan), by Berkovitz (Arthur) v. U.S.,] 486 U.S. [531] at 537, 108 S.Ct. [1954] at 1959 [100 L.Ed.2d 531 (1988)]. Only decisions that are "susceptible to

policy analysis" are protected by the discretionary function exception. *Gaubert,* 499 U.S. at 324, 111 S.Ct. at 1274. This interpretation effectuates Congress' desire to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium by the action in tort." [*U.S. v. S.A. Empresa de Viacao Aerea Rio Grandense*] *Varig Airlines,* 467 U.S. [797] 814, 104 S.Ct. [2755] at 2765 [81 L.Ed.2d 660 (1984)].

■ The Court finds that the United States has established that providing the AIRMET forecast in this case meets the two-prong test established by the Supreme Court in *United States v. Gaubert,* 499 U.S. 315, 323, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). Regarding the first prong, the Court finds that the act of determining the content of an AIRMET is an act involving the elements of the exercise of discretion, judgment or choice protected by the discretionary function exception to the FTCA.

Regarding the second prong, the Court finds that the discretion exercised is of the kind that the discretionary function was designed to shield. The Court finds that the policy considerations relevant here are the dangers of over warning, the economic impact of oversized forecasts, and the staffing limitations upon the National Weather Service in light of required forecasting demands.

The Court, therefore, finds Plaintiffs' actions are barred by the FTCA's discretionary function exception, 28 U.S.C. § 2680(a).

In addition, the FTCA waives sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred" (28 U.S.C. § 1346(b)(*l*)), and provides for government

liability "in the same manner and to the same extent as a private individual under like circumstances" (28 U.S.C. § 2674). The United States asserts that there is no analogous state law cause of action that will support FTCA claims against it under the facts and circumstances of these cases; that is, a private person would not be potentially liable to Plaintiffs in accordance with the applicable state law under like circumstances. 28 U.S.C. §§ 1346(b)(*l*), 2674.

██ Under the FTCA, the whole law, including the choice of law rules, of the state where the alleged negligent act or omission occurred governs the rights and liabilities of the parties. Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492(1962). Plaintiffs allege that governmental negligence occurred in Missouri. In tort cases, Missouri uses the most significant relationship test to resolve conflicts issues. *Farmer's Ins. Co. v. McFarland,* 976 S.W.2d 559, 562 (Mo.Ct. App.1998).

The United States asserts that the substantive law of Utah applies to these cases. It is, however, the government's position that the state law analysis is the same regardless of whether these cases are controlled by the substantive laws of Utah, Idaho, or Missouri.

Plaintiffs' opposition memorandum at page 23 states: "The government maintains that applicable choice of law doctrines require this Court to look to the law of the state of Utah in determining whether an analogous state law cause of action exists (footnote omitted). Without accepting or rejecting this proposition, plaintiffs point out that Utah courts recognize and apply the same traditional tort doctrines as most courts."

██ The Court finds there is no liability under Utah law for a private party for the alleged negligent issuance of a weather forecast.

The Court finds, as a matter of public policy, that to open the National Weather Service to lawsuits for alleged negligent weather forecasts would ultimately destroy the National Weather Service and its efficacy. The highly unpredictable business of forecasting the weather under such circumstances would result in forecasts that were either so general or so broad as to become useless to both the general public and the aviation community.

Because there is no analogous liability under state law as required by 28 U.S.C. §§ 1346(b)(*l*) and 2674, Plaintiffs' actions against the United States, therefore, must he dismissed.

For the reasons stated in this Order, no genuine issue of material fact exists and the United States is entitled to judgment as a matter of law. Plaintiffs' actions against the United States are dismissed with prejudice and a judgment in favor of the United States shall be entered.